Lu, JohnT., J.
INTRODUCTION
The defendant Jad Mokdad (Mr. Mokdad) is charged with two counts of unlawful possession of a large capacity feeding device (indictment nos. 001 and 002) (G.L.c. 140, §131M). Mr. Mokdad moves for reconsideration of the court’s denial of his motion to dismiss (paper #10). After considering the arguments in Mr. Mokdad’s supplemental memorandum (paper #11), the court concludes that there is ambiguity in G.L.c. 140, §131M warranting dismissal of indictments 001 and 002, and allows the motion.
FACTS
On January 8,2014, Jad Mokdad (Mr. Mokdad) was charged with two counts of possession of a large capacity feeding device (G.L.c. 140, §131M) (indictments 001 and 002), and improper storage of a firearm (G.L.c. 140, §131L). Indictments 001 and 002 arise from Mr. Mokdad’s purchase and subsequent possession of two thirty-round AK-47 “banana clips” from North Shore Firearms in Middleton on diverse dates from September 22 through September 27, 2013. At the time of the alleged offenses, Mr. Mokdad held a valid Class A License to Carry pursuant to G.L.c. 140, §131(a).
DISCUSSION
General Laws c. 140, §131M prohibits individuals from “possess [ing] . . . large capacity feeding device[s] that [were] not otherwise lawfully possessed on September 13, 1994.” G.L.c. 140, §131M.[1] Mr. Mokdad construes §131M to mean that possession of a large capacity feeding device is illegal only if that device was not lawfully possessed by anyone before September 13, 1994. Mr. Mokdad contends that the language, “not otherwise lawfully possessed on September 13, 1994" is ambiguous, and asserts that the rule of lenity requires that he ”be given the benefit of the ambiguity." G.L.c. 140, §131M; see Commonwealth v. Carrion, 431 Mass. 44, 45-46 (2000). He contends that there was insufficient evidence to indict him because the grand jury only heard evidence that he, personally, did not possess the device before September 13, 1994, but no evidence that no other person lawfully possessed the device before September 13, 1994.
The Commonwealth construes §131M to mean that possession of a large capacity feeding device is illegal if that device was not lawfully possessed by the person then in possession of the device before September 13, 1994. The Commonwealth contends that evidence that Mr. Mokdad did not personally possess the large capacity feeding devices on or before September 13, 1994 is sufficient to indict him under §131M.
An Act Relative to Gun Control in the Commonwealth, St. 1998 Mass.c. 180, §47 (the Act), added §131M to G.L.c. 140, and rewrote and amended other statutes concerning firearms and ammunition. See St. 1998 Mass.c. 180. There are no Massachusetts cases interpreting the phrase, “not otherwise lawfully possessed on September 13, 1994" (phrase). Although there is nothing in the legislative history of the Act that explicitly states the purpose of the Act or §131M, it is fair to assume that the purpose of §131M is to limit the sale, transfer, and possession of large capacfiy feeding devices. Both the Commonwealth’s and Mr. Mokdad’s interpretations of the phrase further this purpose, but to differing degrees.
The starting point in analyzing these competing interpretations is the language of §131M. See Vining v. Commonwealth, 63 Mass.App.Ct 690, 692 (2005). There is nothing in the language of the statute regarding who is required to have lawfully possessed the large capacity feeding device prior to September 13, 1994 in order for the possession of that device to be lawful. The Supreme Judicial Court addressed an analogous problem in Commonwealth v. Hamilton, 459 Mass. 422 (2011), concerning the interpretation of *102 G.L.c. 275, §2 (threatening to commit a crime). Section 2 states: “If complaint is made to any such court. . . that a person has threatened to commit a crime against the person or property of another, such court. . . shall examine the complainant and any witnesses who may be produced . . .” Hamilton, 459 Mass. at 426, quoting G.L.c. 275, §2. The Court observed that this statute “requires a threat (against someone) of a crime (against the person or property of another), but does not state that the threat be issued against the intended crime victim.” Id. at 427-28. The Court concluded that the Legislature chose “not to specify that there be identity between the target of the threat and the target of the threatened crime[,]” and construed the statute as not requiring that the target of the threat be the same person as the target of the threatened crime. Id. at 428 (emphasis omitted).
The Court in Commonwealth v. Snow, 269 Mass. 598, 601-02 (1930), interpreted G.L.c. 265, §25 (attempted extortion) in a similar manner. Section 25 states: “Whoever . . . maliciously threatens . . . an injury to the person or property of another, with intent thereby to extort money or any pecuniary advantage, or with intent to compel the person so threatened to do any act against his will, shall be punished.” Id. at 601, quoting G.L.c. 265, §25 (internal quotes and numerals omitted). In this statute, there is “no express or implied limitation as to the person to whom the threat is made, or as to the person from whom it is intended to extort money or other pecuniary advantage.” Id. at 601. The Court concluded:
According to the natural meaning and the grammatical construction of this part of the section, the threat may be made to anybody . . . The only requirement for the establishment of the crime thereby created is that the specific threat be made with the intent to extort . . . The one making the threat need not even have a definite person in mind as the person from whom the money . . . may be extorted. That part of the statute would be satisfied by intent to extort the money or pecuniary advantage from anybody.
Id. at 602.
As in Hamilton and Snow, §131M lacks words of limitation identifying the person who is required to have lawfully possessed the device prior to September 13, 1994, such as, “not otherwise lawfully possessed by suchperson.” Cf. G.L.c. 265, §43 (defining crime of stalking as “willfully and maliciously engaging] in a knowing pattern of conduct . . . directed at a specific person which seriously alarms or annoys that person . . .”) (emphasis added). Even if the inclusion of such words would further the legislative purpose of §131M, “(the court] cannot supply words the Legislature chose not to include.” Commonwealth v. Hamilton, 459 Mass. 422, 435 (2011) (citation omitted). Absent any such limiting language, the phrase “can plausibly be found to be ambiguous.’’Carrion, 431 Mass. at 45.[2] The statute reasonably may be read as requiring the lawful possession of a large capacity feeding device by any person prior to September 13, 1994, in order for the possession of such a device to be lawful. The rule of lenity requires that the statute be interpreted in this way to “give the defendant the benefit of the ambiguity.” Id. at 45-46. Because no evidence was presented to the grand jury that no other person lawfully possessed the large capacity feeding devices that Mr. Mokdad possessed, the court allows his motion for reconsideration, vacates its prior decision denying the motion to dismiss, and allows Mr. Mokdad’s motion to dismiss indictments 001 and 002.
ORDER
Mr. Mokdad’s motion for reconsideration on the court’s motion to dismiss as to indictments 001 and 002 (paper #11) is ALLOWED. The court’s prior decision denying Mr. Modad’s motion to dismiss (paper #10) is VACATED. Mr. Mokdad’s motion to dismiss (paper #7) indictments 001 and 002 is ALLOWED.

Section 131M reads:
No person shall sell, offer for sale, transfer or possess an assault weapon or a large capacity feeding device that was not otherwise lawfully possessed on September 13, 1994. Whoever not being licensed under the provisions of section 122 violates the provisions of this section shall be punished . . . The provisions of this section shall not apply to: (i) the possession by a law enforcement officer for purposes of law enforcement; or (ii) the possession by an individual who is retired from service with a law enforcement agency and is not otherwise prohibited from receiving such a weapon or feeding device from such agency upon retirement.
G.L.c. 140, §131M.

Although not dispositive on this issue, there is further support that §131 is ambiguous. Since §131M’s enactment, at least two pieces of proposed legislation have been introduced (but not passed) in the General Court that would add such limiting language to §131M. “An Act to Close the Assault Weapons Loophole” and “An Act to Extend the Ban on Assault Weapons and Further Reduce Gun Violence in the Commonwealth,” proposed that §131M be rewritten as follows, “No person shall possess ... a large capacity feeding device that was not lawfully possessed by said person on September 13, 1994, or lawfully acquired by said person prior to the effective date of this act. . .” 2003 MA H.B. 3390, §5, 2003 MA S.B. 1326, §12; 2001 MA S.B. 2009, §2 (emphasis added). These proposed changes further suggest that some legislators have either acknowledged the ambiguity in §131M or have interpreted it as requiring lawful possession of the pre-September 13, 1994 device by any person.